Todd **DAVIDSON,** Wilbert **Wiggins, George Douglas Jr., Charles Magee, Daron Thompson, Eugene Smith, George Rodgers, and Kenton Smith, on behalf of themselves and others similarly situated, Plaintiffs,**

v.

**CITIZENS GAS & COKE UTILITY, Defendant.**

No. 1:03–cv–01882–SEB–JPG.

United States District Court, S.D. Indiana, Indianapolis Division.

April 27, 2006.

Henry J. Price, Robert David Eaglesfield, III, Ronald J. Waicukauski, William N. Riley, Price Waicukauski & Riley, Indianapolis, IN, for Plaintiffs.

Curtis W. McCauley, Wayne O. Adams, III, Ice Miller LLP, Indianapolis, IN, for Defendant.

### *ORDER OVERRULING PLAINTIFFS' OBJECTIONS TO MAGISTRATE'S ENTRY*

BARKER, District Judge.

Pursuant to Fed.R.Civ.P. 72(a), Plaintiffs have objected to the February 9, 2006 entry of Magistrate Judge John Paul Godich (**Document # 325**) denying their Motion to Compel and their Motion for Leave to Submit Supplemental Evidence in Support of Motion to Compel. When analyzing objections filed pursuant to Rule 72(a), we determine if the Magistrate Judge's ruling was "clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Industries Co., Ltd.,* 126 F.3d 926, 943 (7th Cir.1997).

The Magistrate Judge denied the Motion to Compel for essentially two reasons. First, the Motion to Compel was filed fourteen months after the allegedly insufficient discovery responses were provided. Second, the claimed deficiency in the responses, the lack of information regarding those that took the WCA test for purposes of qualifying for non-bargaining unit positions, bore little if any

relevance to the issue of class certification or the named plaintiffs' claims since none of the named plaintiffs had taken the WCA for that purpose.

Plaintiffs do not deny that the motion was filed fourteen months after the allegedly insufficient responses were provided, but offer up excuses for the delay. Nor do any of the plaintiffs claim that they took the WCA for purposes of qualifying for a non-bargaining unit position. Instead they argue that the Magistrate Judge was prejudging the class certification issue. Subsequent to the Magistrate's ruling, we denied class certification because we found the named Plaintiffs and counsel to be inadequate class representatives for reasons unrelated to the "non-bargaining unit" issue.

We do not find the Magistrate Judge's February 9, 2006 ruling to be contrary to law or clearly erroneous. In fact, we think he got it right. The delay in filing the motion to compel, alone, was sufficient reason for its denial. The issues in the lawsuit had, to a great degree, been "sculpted" by that point and no non-bargaining unit employees or applicants were represented by the Plaintiffs who sought class representative status. Accordingly, Plaintiffs' Objections to Magistrate's Entry of February 9, 2006 on Plaintiffs' Motion to Compel and Motion to Supplement Motion to Compel (**Document # 337**) are OVERRULED.

IT IS SO ORDERED.